IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James Lewis Thomas, Jr., and Barbara Thomas, | ) ) ) | |
| | ) | Civil No. 2:09-cv-635-DCN |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER AND OPINION** |
| Prudential Insurance Company of America d/b/a Office of Servicemembers' Group Life Insurance, and Montez Desmond Jackson, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on plaintiffs' motion to reconsider the Order for Deposit and Dismissal filed on September 25, 2009 (hereinafter referred to as the September Order). Plaintiffs claim that the broad language of the order, dismissing with prejudice any future claims related to the insurance policy at issue, bars them from pursuing potential tort claims that are unrelated to the death benefit proceeds. Plaintiffs request that the court strike paragraph four of the order and amend paragraph five to reflect a dismissal without prejudice. Alternatively, plaintiffs request to amend their complaint to assert additional causes of action against Prudential. For the reasons set forth below, the court grants plaintiffs' motion and amends the September Order.

## I. BACKGROUND

This case involves competing claims for death benefit proceeds payable under a Servicemembers' Group Life Insurance (SGLI) policy issued by Prudential. In response to the claims and the threat of multiple liability, Prudential filed a counterclaim and a

1

cross-claim to interplead plaintiffs and defendant Montez Desmond Jackson, respectively. Subsequently, this court entered the September Order directing Prudential to deposit the death benefit proceeds, along with any accrued interest, with the clerk of court. The order also states the following:

> 4. That James Lewis Thomas, Jr., Barbara Thomas and Montez Desmond Jackson be, and they hereby are, permanently enjoined from making any further actual or implied claims, demands and causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind or nature or description whatsoever, that James Lewis Thomas, Jr., Barbara Thomas and Montez Desmond Jackson, jointly and severally, ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim or assert to have, against Prudential in respect to the Policy or the payment of the Death Benefit under the Policy.
>
> 5. That any and all claims against Prudential relative to the Policy and/or the Death Benefit be, and the same hereby are, dismissed with prejudice and without costs to any party.

Sept. Order ¶ 4-5.

Plaintiffs do not challenge the court's order directing Prudential to deposit the death benefit proceeds with the clerk of court, nor do plaintiffs dispute that any claims directly related to the death benefit proceeds should be dismissed. However, plaintiffs assert that they may have potential tort claims against Prudential and/or the United States Army for misinforming Amanda Renee Jackson, the decedent, about the requirements for completing a change of beneficiary form, and not accepting the form in a timely fashion.[1] In support of this argument, plaintiffs cite the unpublished case of Pummell v. United

---

[1] Plaintiffs admit that they are not ready to file any tort claims at this time.

2

States, which recognized that "under North Carolina law, an intended beneficiary of a life insurance policy may bring an action for negligence against one who undertakes to process the beneficiary designation form." No. 7:06-CV-160-F, 2008 WL 1987255, at *5 (E.D.N.C. May 7, 2008). Plaintiffs argue that the potential tort claims are independent of the death benefit proceeds, and as such, the tort claims should not be precluded by the September Order. Plaintiffs argue that the scope of the interpleader action was properly confined to claims regarding the policy proceeds.

Prudential asserts that it is entitled to dismissal of all claims with prejudice "because without one it is still faced with the very risk an interpleader action is intended to limit: the risk of multiple liability regarding the proceeds of the insurance policy at issue in this action." Mem. Opp. 1. In addition, Prudential contends that plaintiffs made no mention of tort claims in the earlier pleadings; therefore, they should not be allowed to pursue other avenues of liability against Prudential following entry of the September Order.

## II. DISCUSSION

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard courts may use to grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997);

3

Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Id. (internal citation omitted).

The first two grounds are clearly inapplicable in the motion before the court, so the analysis turns to whether the September Order should be amended "to correct a clear error of law or prevent manifest injustice." More specifically, the court must determine whether plaintiffs should be prevented from pursuing state tort claims not raised during the interpleader action.

In State Farm Fire & Cas. Co. v. Tashire, the United States Supreme Court described the "classic" interpleader scenario:

> There are situations . . . where the effect of interpleader is to confine the total litigation to a single forum and proceeding. One such case is where a stakeholder, faced with rival claims to the fund itself, acknowledges–or denies–his liability to one or the other of the claimants. In this situation, the fund itself is the target of the claimants. It marks the outer limits of the controversy. It is, therefore, reasonable and sensible that interpleader, in discharge of its office to protect the fund, should also protect the stakeholder from vexatious and multiple litigation. In this context, the suits sought to be enjoined are squarely within the language of 28 U.S.C. [§] 2361, which provides in part:
>
> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument, or obligation involved in the interpleader action * * *.

386 U.S. 523, 533-34 (1967). The Court also made clear that an interpleader action was not designed to be "a 'bill of peace,' capable of sweeping dozens of lawsuits out of the various state and federal courts in which they were brought and into a single interpleader proceeding." Id. at 536. In Tashire, the Court spoke in the context of complex mass tort litigation involving numerous parties and claims, but the same point may be applied in the case of a single plaintiff alleging tort claims outside the realm of the policy proceeds.

While no Fourth Circuit case law addresses this point, a recent opinion in the Northern District of Georgia held that "while the '§ 1335 interpleader action exists to prevent the stakeholder from having to defend more than one action, [i]t does not exist to prevent the stakeholder from having to be a party in any action or from defending independent claims.'" Nat'l Life Ins. Co. v. Alembik-Eisner, 582 F. Supp. 2d 1362, 1369 (N.D. Ga. 2008) (citing LaMarche v. Metro. Life Ins. Co., 236 F. Supp. 2d 50, 55 (D. Me. 2002)). The court noted that "in LaMarche, there were allegations that the insurance company did not properly change the beneficiary on the insurance policy. This is a different question than whether the insurance company knew to whom to pay the benefits and whether its decision to interplead rather than pay out was appropriate." Nat'l Life, 582 F. Supp. 2d at 1370.

The case before the court is identical to the "classic" interpleader scenario described in Tashire. Plaintiffs and defendant Jackson asserted competing claims to the death benefits payable under an SGLI policy.

5

Prudential admitted that it owed $250,000 in death benefit proceeds to either plaintiffs or defendant Jackson, and the proceeds marked the "outer limits of the controversy" between the parties. All parties agree that any death benefit claims against Prudential should be dismissed, thus protecting Prudential from "vexation and multiple litigation." Yet, there is no support for extending this protection beyond claims related to the proceeds. In an interpleader action, 28 U.S.C. § 2361 allows a district court to enter orders restricting parties from pursuing claims "affecting the property, instrument, or obligation involved in the interpleader action," not any claim related to the subject matter of the interpleader action. Prudential cannot assert that "simply by virtue of having filed a claim for interpleader and 'posted the stake,' it has immunized itself from any liability" on independent claims. LaMarche, 236 F. Supp. 2d at 55. "Such claims assert alternative bases for liability and may afford remedies additional to the stake." Id.

Plaintiffs' potential tort claims, if ever asserted, are claims independent of the death benefit proceeds and similar to those in LaMarche. The lack of relevant case law on this subject in this jurisdiction indicates that the September Order was not a clear error of law; however, plaintiffs suffer manifest injustice if prevented from pursuing potential tort claims independent of the death benefit proceeds against Prudential.

### III.  CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend the September Order is

Prudential admitted that it owed $250,000 in death benefit proceeds to either plaintiffs or defendant Jackson, and the proceeds marked the "outer limits of the controversy" between the parties. All parties agree that any death benefit claims against Prudential should be dismissed, thus protecting Prudential from "vexation and multiple litigation." Yet, there is no support for extending this protection beyond claims related to the proceeds. In an interpleader action, 28 U.S.C. § 2361 allows a district court to enter orders restricting parties from pursuing claims "affecting the property, instrument, or obligation involved in the interpleader action," not any claim related to the subject matter of the interpleader action. Prudential cannot assert that "simply by virtue of having filed a claim for interpleader and 'posted the stake,' it has immunized itself from any liability" on independent claims. LaMarche, 236 F. Supp. 2d at 55. "Such claims assert alternative bases for liability and may afford remedies additional to the stake." Id.

Plaintiffs' potential tort claims, if ever asserted, are claims independent of the death benefit proceeds and similar to those in LaMarche. The lack of relevant case law on this subject in this jurisdiction indicates that the September Order was not a clear error of law; however, plaintiffs suffer manifest injustice if prevented from pursuing potential tort claims independent of the death benefit proceeds against Prudential.

### III.  CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend the September Order is

**GRANTED**. The court strikes paragraph four from the September Order and amends paragraph five to read: "5. That any and all claims against Prudential relative to the Policy's Death Benefit be, and the same hereby are, dismissed with prejudice and without costs to any party."[2]

    **AND IT IS SO ORDERED**.

                                                          _____
                                                          **DAVID C. NORTON**
                                                          **CHIEF UNITED STATES DISTRICT JUDGE**

**January 21, 2010**
**Charleston, South Carolina**

---

    [2]Plaintiffs sought a dismissal without prejudice in paragraph five of the September Order. Such language would still leave Prudential open to claims regarding the death benefit proceeds. Those claims were properly disposed of in the interpleader action. A dismissal with prejudice as to claims regarding the policy's death benefit proceeds protects Prudential from any further claims to those proceeds, yet allows plaintiffs to pursue independent claims against Prudential.